1  BRUCE W. KELLEY, ESQ.                    (SPACE BELOW FOR FILING STAMP ONLY)
   NV Bar No. 7331
2  CHARA L. ALLEN, ESQ.
   NV Bar No. 7489
3  **McCORMICK, BARSTOW, SHEPPARD,**
   **WAYTE & CARRUTH LLP**
4  8337 West Sunset Road, Suite 350
   Las Vegas, NV  89113
5  Telephone:  (702) 949-1100
   Facsimile:  (702) 949-1101
6
   CRAIG R. ANDERSON, ESQ.
7  NV Bar No. 6882
   **MARQUIS & AURBACH**
8  10001 Park Run Drive
   Las Vegas, NV 89145
9  Telephone:  (702) 382-0711
   Facsimile (702) 382-5816
10
   Attorneys for Defendants
11
12                      **UNITED STATES DISTRICT COURT**

13                            **DISTRICT OF NEVADA**

14

15  ELIZABETH ANNE DUNCOMBE,           CASE NO.        2:07-cv-00656-ECR-LRL

16              Plaintiff,
                                       **DEFENDANTS' ANSWER TO PLAINTIFF'S**
17       vs.                                      **COMPLAINT**

18  THE ALEXANDER DAWSON SCHOOL
    AT RAINBOW MOUNTAIN LLC, and
19  THE BOARD OF TRUSTEES OF THE
    ALEXANDER DAWSON SCHOOL, and
20  THE    ALEXANDER    DAWSON
    FOUNDATION,   and   H.   MICHAEL
21  HUGHES, HEADMASTER, and MARIO
    BORINI,   CHAIR,   BOARD   OF
22  TRUSTEES

23              Defendants.

24         COMES  NOW  Defendants  THE  ALEXANDER  DAWSON  SCHOOL  AT

25  RAINBOW  MOUNTAIN  LLC.,  THE  BOARD  OF  TRUSTEES  OF  THE  ALEXANDER

26  DAWSON  SCHOOL,  THE  ALEXANDER  DAWSON  FOUNDATION,  and  H.  MICHAEL

27  HUGHES, HEADMASTER, and MARIO BORINI, CHAIR, BOARD OF TRUSTEES, by and

28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
8337 West Sunset Road, Suite 350
Las Vegas, NV 89113

34871/00051-1110376.v1

through their attorneys of record, Bruce W. Kelley, Esq. and Chara L. Allen, Esq. of McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH LLP and Craig R. Anderson, Esq. of MARQUIS & AURBACH and in Answer to the Complaint filed herein admit, deny and allege as follows:

## **PARTIES & JURISDICTION**

1.      In answering the allegations of Plaintiff's Complaint, Paragraph 1, Defendants deny the allegations contained therein.

2.      In answering the allegations of Plaintiff's Complaint, Paragraph 2, Defendants admit that all the alleged acts contained herein occurred in Clark County in the State of Nevada.

3.      In answering the allegations of Plaintiff's Complaint, Paragraph 3, Defendants admit the allegations contained therein.

4.      In answering the allegations of Plaintiff's Complaint, Paragraph 4, Defendants admit t Plaintiff was an employee of THE ALEXANDER DAWSON SCHOOL AT RAINBOW MOUNTAIN, LLC but deny the remaining allegations contained therein.

5.      In answering the allegations of Plaintiff's Complaint, Paragraph 5, Defendants admit that THE ALEXANDER DAWSON SCHOOL AT RAINBOW MOUNTAIN, LLC and THE ALEXANDER DAWSON FOUNDATION are entities authorized to do business under the laws of the State of Nevada but deny the remaining allegations contained therein.

6.      In answering the allegations of Plaintiff's Complaint, Paragraph 6, Defendants admit that Plaintiff was an employee of THE ALEXANDER DAWSON SCHOOL AT RAINBOW MOUNTAIN, LLC.

7.      In answering the allegations of Plaintiff's Complaint, Paragraph 7, Defendants admit that THE ALEXANDER DAWSON FOUNDATION operated two educational institutions and employed at least 200 individuals but deny the remaining allegations contained therein.

8.      In answering the allegations of Plaintiff's Complaint, Paragraph 8, Defendants admit that THE ALEXANDER DAWSON FOUNDATION and THE ALEXANDER

1    DAWSON SCHOOL AT RAINBOW MOUNTAIN, LLC employed more than 130 individuals in

2    the State of Nevada.

3            9.      In answering the allegations of Plaintiff's Complaint, Paragraph 9,

4    Defendants admit the allegations contained therein.

5            10.     In answering the allegations of Plaintiff's Complaint, Paragraph 10,

6    Defendants admit that H. MICHAEL HUGHES was hired as the Headmaster of THE

7    ALEXANDER DAWSON SCHOOL AT RAINBOW MOUNTAIN, LLC in July 2005, that he

8    reports to THE ALEXANDER DAWSON FOUNDATION and the BOARD OF TRUSTEES but

9    deny the remaining allegations contained therein.

10           11.     In answering the allegations of Plaintiff's Complaint, Paragraph 11,

11   Defendants admit that THE ALEXANDER DAWSON SCHOOL opened in September 2000 with

12   150 students and that in March of 2006, 575 students were enrolled but deny the remaining

13   allegations contained therein.

## STATEMENT OF FACTS

15           12.     In answering the allegations of Plaintiff's Complaint, Paragraph 12,

16   Defendants allege that they are without sufficient knowledge or information necessary to form a

17   belief as to the truth or falsity of said allegations and on that basis therefore deny same.

18           13.     In answering the allegations of Plaintiff's Complaint, Paragraph 13,

19   Defendants admit that the BOARD OF TRUSTEES sent a letter indicating that H. MICHAEL

20   HUGHES had been hired as the new Headmaster, to replace Mr. Bowers but deny the remaining

21   allegations contained therein.

22           14.     In answering the allegations of Plaintiff's Complaint, Paragraph 14,

23   Defendants admit that the referenced document was sent by the BOARD OF TRUSTEES and that

24   H. MICHAEL HUGHES assumed the position in July 2005 but deny the remaining allegations

25   contained therein.

26           15.     In answering the allegations of Plaintiff's Complaint, Paragraph 15,

27   Defendants deny the allegations contained therein.

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 WEST SUNSET ROAD, SUITE 350
LAS VEGAS, NV 89113

34871/00051-1110376.v1                        3

16.    In answering the allegations of Plaintiff's Complaint, Paragraph 16, Defendants deny the allegations contained therein.

17.    In answering the allegations of Plaintiff's Complaint, Paragraph 17, Defendants admit that the Plaintiff took two extra days to sign her contract due to her ailing mother but deny the remaining allegations contained therein.

18.    In answering the allegations of Plaintiff's Complaint, Paragraph 18, Defendants deny the allegations contained therein.

19.    In answering the allegations of Plaintiff's Complaint, Paragraph 19, Defendants admit the allegations contained therein.

20.    In answering the allegations of Plaintiff's Complaint, Paragraph 20, Defendants admit that a discussion regarding fire drills took place during a staff meeting but deny the remaining allegations contained therein.

21.    In answering the allegations of Plaintiff's Complaint, Paragraph 21, Defendants deny the allegations contained therein.

22.    In answering the allegations of Plaintiff's Complaint, Paragraph 22, Defendants the allegations contained therein.

23.    In answering the allegations of Plaintiff's Complaint, Paragraph 23, Defendants admit that during a staff meeting on or about August 25, 2005, H. MICHAEL HUGHES requested that all staff members dress appropriately for the school activity but deny the remaining allegations contained therein.

24.    In answering the allegations of Plaintiff's Complaint, Paragraph 24, Defendants admit that Plaintiff told Pam Rung informally as they passed in the hall that H. MICHAEL HUGHES' comment was inappropriate but deny the remaining allegations contained therein.

25.    In answering the allegations of Plaintiff's Complaint, Paragraph 25, Defendants deny the allegations contained therein.

26.    In answering the allegations of Plaintiff's Complaint, Paragraph 26, Defendants admit that H. MICHAEL HUGHES apologized for the comment that he made and

1   also sent an e-mail apologizing for the comment but deny the remaining allegations contained

2   therein.

3              27.     In answering the allegations of Plaintiff's Complaint, Paragraph 27,

4   Defendants deny the allegations contained therein.

5              28.     In answering the allegations of Plaintiff's Complaint, Paragraph 28,

6   Defendants allege that they are without sufficient knowledge or information necessary to form a

7   belief as to the truth or falsity of said allegations and on that basis therefore deny same.

8              29.     In answering the allegations of Plaintiff's Complaint, Paragraph 29,

9   Defendants deny the allegations contained therein.

10             30.     In answering the allegations of Plaintiff's Complaint, Paragraph 30,

11  Defendants deny the allegations contained therein.

12             31.     In answering the allegations of Plaintiff's Complaint, Paragraph 31,

13  Defendants deny the allegations contained therein.

14             32.     In answering the allegations of Plaintiff's Complaint, Paragraph 32,

15  Defendants deny the allegations contained therein.

16             33.     In answering the allegations of Plaintiff's Complaint, Paragraph 33,

17  Defendants deny the allegations contained therein.

18             34.     In answering the allegations of Plaintiff's Complaint, Paragraph 34,

19  Defendants admit that H. MICHAEL HUGHES stated that Plaintiff orchestrated the angry letters

20  but deny the remaining allegations contained therein.

21             35.     In answering the allegations of Plaintiff's Complaint, Paragraph 35,

22  Defendants allege that they are without sufficient knowledge or information necessary to form a

23  belief as to the truth or falsity of said allegations and on that basis therefore deny same.

24             36.     In answering the allegations of Plaintiff's Complaint, Paragraph 36,

25  Defendants deny the allegations contained therein.

26             37.     In answering the allegations of Plaintiff's Complaint, Paragraph 37,

27  Defendants deny the allegations contained therein.

28

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 WEST SUNSET ROAD, SUITE 350
LAS VEGAS, NV 89113

34871/00051-1110376.v1                                5

38.     In answering the allegations of Plaintiff's Complaint, Paragraph 38, Defendants deny the allegations contained therein.

39.     In answering the allegations of Plaintiff's Complaint, Paragraph 39, Defendants admit the allegations contained therein.

40.     In answering the allegations of Plaintiff's Complaint, Paragraph 40, Defendants deny the allegations contained therein.

41.     In answering the allegations of Plaintiff's Complaint, Paragraph 41, Defendants admit that during a staff meeting, H. MICHAEL HUGHES discussed the dress code but deny the remaining allegations contained therein.

42.     In answering the allegations of Plaintiff's Complaint, Paragraph 42, Defendants deny the allegations contained therein.

43.     In answering the allegations of Plaintiff's Complaint, Paragraph 43, Defendants deny the allegations contained therein.

44.     In answering the allegations of Plaintiff's Complaint, Paragraph 44, Defendants deny the allegations contained therein.

45.     In answering the allegations of Plaintiff's Complaint, Paragraph 45, Defendants deny the allegations contained therein.

46.     In answering the allegations of Plaintiff's Complaint, Paragraph 46, Defendants allege that they are without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis therefore deny same.

47.     In answering the allegations of Plaintiff's Complaint, Paragraph 47, Defendants allege that they are without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis therefore deny same.

48.     In answering the allegations of Plaintiff's Complaint, Paragraph 48, Defendants deny the allegations contained therein.

49.     In answering the allegations of Plaintiff's Complaint, Paragraph 49, Defendants deny the allegations contained therein.

50.     In answering the allegations of Plaintiff's Complaint, Paragraph 50, Defendants allege that they are without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis therefore deny same.

51.     In answering the allegations of Plaintiff's Complaint, Paragraph 51, Defendants deny the allegations contained therein.

52.     In answering the allegations of Plaintiff's Complaint, Paragraph 52, Defendants allege that they are without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis therefore deny same.

53.     In answering the allegations of Plaintiff's Complaint, Paragraph 53, Defendants deny the allegations contained therein.

55.     In answering the allegations of Plaintiff's Complaint, Paragraph 55 [sic], Defendants allege that they are without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis therefore deny same.

56.     In answering the allegations of Plaintiff's Complaint, Paragraph 56 [sic], Defendants deny the allegations contained therein.

57.     In answering the allegations of Plaintiff's Complaint, Paragraph 57 [sic], Defendants deny the allegations contained therein.

58.     In answering the allegations of Plaintiff's Complaint, Paragraph 58 [sic], Defendants deny the allegations contained therein.

59.     In answering the allegations of Plaintiff's Complaint, Paragraph 59 [sic], Defendants admit the allegations contained therein.

60.     In answering the allegations of Plaintiff's Complaint, Paragraph 60 [sic], Defendants deny the allegations contained therein.

61.     In answering the allegations of Plaintiff's Complaint, Paragraph 61 [sic], Defendants admit that Plaintiff resigned her position but deny the remaining allegations contained therein.  *See* Exhibit A.

62.     In answering the allegations of Plaintiff's Complaint, Paragraph 62 [sic], Defendants deny the allegations contained therein.

63.    In answering the allegations of Plaintiff's Complaint, Paragraph 63 [sic], Defendants admit that H. MICHAEL HUGHES wrote a letter to parents informing them of Plaintiff's resignation but deny the remaining allegations contained therein.

64.    In answering the allegations of Plaintiff's Complaint, Paragraph 64 [sic], Defendants admit the allegations contained therein.

65.    In answering the allegations of Plaintiff's Complaint, Paragraph 65 [sic], Defendants allege that they are without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis therefore deny same.

66.    In answering the allegations of Plaintiff's Complaint, Paragraph 66 [sic], Defendants deny the allegations contained therein.

67.    In answering the allegations of Plaintiff's Complaint, Paragraph 67 [sic], Defendants admit that Plaintiff received sixteen days of vacation following her letter of resignation and that her official resignation date was changed to March 9, 2006 but deny the remaining allegations contained therein.

68.    In answering the allegations of Plaintiff's Complaint, Paragraph 68 [sic], Defendants admit that Plaintiff's effective resignation date was March 9, 2006 but deny the remaining allegations contained therein.

## EXHAUSTION OF REMEDIES

69.    In answering the allegations of Plaintiff's Complaint, Paragraph 69 [sic], Defendants admit that Plaintiff's Right to Sue letter from the EEOC is dated February 22, 2007 but deny the remaining allegations contained therein.

/ / /

/ / /

/ / /

/ / /

/ / /

**FIRST CAUSE OF ACTION**

**Gender Discrimination (Title VII)**

(As to all Defendants: The Alexander Dawson School et. al.)

70.     In answering the allegations of Plaintiff's Complaint, Paragraph 70 [sic]of Plaintiff's First Cause of Action, Defendants restate and reallege their responses to Paragraphs through, inclusive, and incorporates the same as though fully set forth in full herein.

71.     In answering the allegations of Plaintiff's Complaint, Paragraph 71 [sic], Defendants admit that Plaintiff's job performance was always satisfactory and allege as to the remaining allegations that they are without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis therefore deny same.

72.     In answering the allegations of Plaintiff's Complaint, Paragraph 72 [sic], Defendants deny the allegations contained therein.

73.     In answering the allegations of Plaintiff's Complaint, Paragraph 73 [sic], Defendants deny the allegations contained therein.

74.     In answering the allegations of Plaintiff's Complaint, Paragraph 74 [sic], Defendants deny the allegations contained therein.

75.     In answering the allegations of Plaintiff's Complaint, Paragraph 75 [sic], Defendants deny the allegations contained therein.

76.     In answering the allegations of Plaintiff's Complaint, Paragraph 76 [sic], Defendants deny the allegations contained therein.

**SECOND CAUSE OF ACTION**

**Sex Discrimination - Hostile Environment (Title VII)**

(As to all Defendants)

77.     In answering the allegations of Plaintiff's Complaint, Paragraph 77 [sic] of Plaintiff's Second Cause of Action, Defendants restate and reallege their responses to Paragraphs 1 through 76, inclusive, and incorporates the same as though fully set forth in full herein.

78.     In answering the allegations of Plaintiff's Complaint, Paragraph 78 [sic], Defendants allege that they are without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis therefore deny same.

79.     In answering the allegations of Plaintiff's Complaint, Paragraph 79 [sic], Defendants admit the allegations contained therein.

80.     In answering the allegations of Plaintiff's Complaint, Paragraph 80 [sic], Defendants deny the allegations contained therein.

81.     In answering the allegations of Plaintiff's Complaint, Paragraph 81 [sic], Defendants deny the allegations contained therein.

82.     In answering the allegations of Plaintiff's Complaint, Paragraph 82 [sic], Defendants deny the allegations contained therein.

83.     In answering the allegations of Plaintiff's Complaint, Paragraph 83 [sic], Defendants deny the allegations contained therein.

84.     In answering the allegations of Plaintiff's Complaint, Paragraph 84 [sic], Defendants deny the allegations contained therein.

85.     In answering the allegations of Plaintiff's Complaint, Paragraph 85 [sic], Defendants deny the allegations contained therein.

86.     In answering the allegations of Plaintiff's Complaint, Paragraph 86 [sic], Defendants

## **THIRD CAUSE OF ACTION**
### **Retaliation - Gender Discrimination (Title VII)**
(As to all Defendants: The Alexander Dawson School et. al.)

87.     In answering the allegations of Plaintiff's Complaint, Paragraph 87 [sic] of Plaintiff's Third Cause of Action, Defendants restate and reallege their responses to Paragraphs 1 through 86, inclusive, and incorporates the same as though fully set forth in full herein.

88.     In answering the allegations of Plaintiff's Complaint, Paragraph 88 [sic], Defendants allege that they are without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis therefore deny same.

89.    In answering the allegations of Plaintiff's Complaint, Paragraph 89 [sic], Defendants admit the allegations contained therein.

90.    In answering the allegations of Plaintiff's Complaint, Paragraph 90 [sic], Defendants deny the allegations contained therein.

91.    In answering the allegations of Plaintiff's Complaint, Paragraph 91 [sic], Defendants deny the allegations contained therein. *See* Exhibit A.

92.    In answering the allegations of Plaintiff's Complaint, Paragraph 92 [sic], Defendants deny the allegations contained therein.

93.    In answering the allegations of Plaintiff's Complaint, Paragraph 93 [sic], Defendants deny the allegations contained therein.

94.    In answering the allegations of Plaintiff's Complaint, Paragraph 94 [sic], Defendants deny the allegations contained therein.

95.    In answering the allegations of Plaintiff's Complaint, Paragraph 95 [sic], Defendants deny the allegations contained therein.

## FOURTH CAUSE OF ACTION
### Failure to Prevent Discrimination (Title VII)
(As against the Defendants)

96.    In answering the allegations of Plaintiff's Complaint, Paragraph 96 [sic] of Plaintiff's Fourth Cause of Action, Defendants restate and reallege their responses to Paragraphs 1 through 95, inclusive, and incorporates the same as though fully set forth in full herein.

97.    In answering the allegations of Plaintiff's Complaint, Paragraph 97 [sic], Defendants admit the allegations contained therein.

98.    In answering the allegations of Plaintiff's Complaint, Paragraph 98 [sic], Defendants allege that they are without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis therefore deny same.

99.    In answering the allegations of Plaintiff's Complaint, Paragraph 99 [sic], Defendants deny the allegations contained therein.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 WEST SUNSET ROAD, SUITE 350
LAS VEGAS, NV 89113

34871/00051-1110376.v1                                11

100.     In answering the allegations of Plaintiff's Complaint, Paragraph 100 [sic], Defendants deny the allegations contained therein.

101.     In answering the allegations of Plaintiff's Complaint, Paragraph 101 [sic], Defendants deny the allegations contained therein.

102.     In answering the allegations of Plaintiff's Complaint, Paragraph 102 [sic], Defendants deny the allegations contained therein.

103.     In answering the allegations of Plaintiff's Complaint, Paragraph 103 [sic], Defendants deny the allegations contained therein.

104.     In answering the allegations of Plaintiff's Complaint, Paragraph 104 [sic], Defendants deny the allegations contained therein.

105.     In answering the allegations of Plaintiff's Complaint, Paragraph 105 [sic], Defendants deny the allegations contained therein.

106.     In answering the allegations of Plaintiff's Complaint, Paragraph 106 [sic], Defendants deny the allegations contained therein.

## FIFTH CAUSE OF ACTION
### Failure to Investigate (Title VII)
(As against the Defendants)

107.     In answering the allegations of Plaintiff's Complaint, Paragraph 107  [sic] of Plaintiff's Fifth Cause of Action, Defendants restate and reallege their responses to Paragraphs 1 through 106, inclusive, and incorporates the same as though fully set forth in full herein.

108.     In answering the allegations of Plaintiff's Complaint, Paragraph 108 [sic], Defendants admit the allegations contained therein.

109.     In answering the allegations of Plaintiff's Complaint, Paragraph 109 [sic], Defendants allege that they are without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis therefore deny same.

110.     In answering the allegations of Plaintiff's Complaint, Paragraph 110 [sic], Defendants deny the allegations contained therein.

111.    In answering the allegations of Plaintiff's Complaint, Paragraph 111 [sic], Defendants deny the allegations contained therein.

112.    In answering the allegations of Plaintiff's Complaint, Paragraph 112 [sic], Defendants deny the allegations contained therein.

113.    In answering the allegations of Plaintiff's Complaint, Paragraph 113 [sic], Defendants deny the allegations contained therein.

114.    In answering the allegations of Plaintiff's Complaint, Paragraph 114 [sic], Defendants deny the allegations contained therein.

115.    In answering the allegations of Plaintiff's Complaint, Paragraph 115 [sic], Defendants deny the allegations contained therein.

116.    In answering the allegations of Plaintiff's Complaint, Paragraph 116 [sic], Defendants deny the allegations contained therein.

117.    In answering the allegations of Plaintiff's Complaint, Paragraph 117 [sic], Defendants deny the allegations contained therein.

**SIXTH CAUSE OF ACTION**

**Termination in Violation of Public Policy**

120.    In answering the allegations of Plaintiff's Complaint, Paragraph 120 [sic] of Plaintiff's First Cause of Action, Defendants restate and reallege their responses to Paragraphs 1 through 117, inclusive, and incorporates the same as though fully set forth in full herein.

121.    In answering the allegations of Plaintiff's Complaint, Paragraph 121 [sic], Defendants allege that they are without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis therefore deny same.

122.    In answering the allegations of Plaintiff's Complaint, Paragraph 122 [sic], Defendants deny the allegations contained therein.

123.    In answering the allegations of Plaintiff's Complaint, Paragraph 123 [sic], Defendants deny the allegations contained therein.

124.    In answering the allegations of Plaintiff's Complaint, Paragraph 124 [sic], Defendants deny the allegations contained therein.

125.    In answering the allegations of Plaintiff's Complaint, Paragraph 125 [sic], Defendants deny the allegations contained therein.

126.    In answering the allegations of Plaintiff's Complaint, Paragraph 126 [sic], Defendants deny the allegations contained therein.

127.    In answering the allegations of Plaintiff's Complaint, Paragraph 127 [sic], Defendants deny the allegations contained therein.

128.    In answering the allegations of Plaintiff's Complaint, Paragraph 128 [sic], Defendants deny the allegations contained therein.

**SEVENTH CAUSE OF ACTION**

**Retaliation in Violation of Public Policy**

129.    In answering the allegations of Plaintiff's Complaint, Paragraph 129 [sic] of Plaintiff's Seventh Cause of Action, Defendants restate and reallege their responses to Paragraphs 1 through 128 [sic], inclusive, and incorporates the same as though fully set forth in full herein.

130.    In answering the allegations of Plaintiff's Complaint, Paragraph 130 [sic], Defendants allege that they are without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis therefore deny same.

131.    In answering the allegations of Plaintiff's Complaint, Paragraph 131 [sic], Defendants admit the allegations contained therein.

132.    In answering the allegations of Plaintiff's Complaint, Paragraph 132 [sic], Defendants deny the allegations contained therein.

133.    In answering the allegations of Plaintiff's Complaint, Paragraph 133 [sic], Defendants deny the allegations contained therein.

134.    In answering the allegations of Plaintiff's Complaint, Paragraph 134 [sic], Defendants deny the allegations contained therein.

135.    In answering the allegations of Plaintiff's Complaint, Paragraph 135 [sic], Defendants deny the allegations contained therein.

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
8337 West Sunset Road, Suite 350
Las Vegas, NV 89113

34871/00051-1110376.v1                    14

136.    In answering the allegations of Plaintiff's Complaint, Paragraph 136 [sic], Defendants deny the allegations contained therein.

137.    In answering the allegations of Plaintiff's Complaint, Paragraph 137 [sic], Defendants deny the allegations contained therein.

## **EIGHT CAUSE OF ACTION [SIC]**
### **Hostile Work Environment  in Violation of Public Policy**

138.    In answering the allegations of Plaintiff's Complaint, Paragraph 138 [sic] of Plaintiff's Eight [sic] Cause of Action, Defendants restate and reallege their responses to Paragraphs 1 through 137 [sic], inclusive, and incorporates the same as though fully set forth in full herein.

138.    In answering the allegations of Plaintiff's Complaint, Paragraph 138 [sic], Defendants allege that they are without sufficient knowledge or information necessary to form a belief as to the truth or falsity of said allegations and on that basis therefore deny same

139.    In answering the allegations of Plaintiff's Complaint, Paragraph 139 [sic], Defendants admit the allegations contained therein.

140.    In answering the allegations of Plaintiff's Complaint, Paragraph 140 [sic], Defendants deny the allegations contained therein.

141.    In answering the allegations of Plaintiff's Complaint, Paragraph 141 [sic], Defendants deny the allegations contained therein.

142.    In answering the allegations of Plaintiff's Complaint, Paragraph 142 [sic], Defendants deny the allegations contained therein.

143.    In answering the allegations of Plaintiff's Complaint, Paragraph 143 [sic], Defendants

144.    In answering the allegations of Plaintiff's Complaint, Paragraph 144 [sic], Defendants deny the allegations contained therein.

145.    In answering the allegations of Plaintiff's Complaint, Paragraph 145 [sic], Defendants deny the allegations contained therein.

146.    In answering the allegations of Plaintiff's Complaint, Paragraph 146 [sic], Defendants deny the allegations contained therein.

## NINTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

(As to all Defendants)

147.    In answering the allegations contained in the first sentence of Plaintiff's Complaint, Paragraph 147 [sic] of Plaintiff's Ninth Cause of Action, Defendants restate and reallege their responses to Paragraphs 1 through 146 [sic], inclusive, and incorporates the same as though fully set forth in full herein.  As to the additional allegations contained in Plaintiff's Complaint, Paragraph 147 [sic] of Plaintiff's Ninth Cause of Action, Defendants deny the allegations contained therein.

148.    In answering the allegations of Plaintiff's Complaint, Paragraph 148 [sic], Defendants deny the allegations contained therein.

149.    In answering the allegations of Plaintiff's Complaint, Paragraph 149 [sic], Defendants deny the allegations contained therein.

150.    In answering the allegations of Plaintiff's Complaint, Paragraph 150 [sic], Defendants deny the allegations contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants allege that Plaintiff's Complaint on file herein fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants allege that the damages, if any, were caused in whole or in part, or were contributed to by reason of the actions or conduct of the Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

The alleged incidents alleged in the Complaint and the resulting damages, if any, to the Plaintiff were proximately caused or contributed to by Plaintiff's own actions and conduct,

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
8337 West Sunset Road, Suite 350
Las Vegas, NV 89113

34871/00051-1110376.v1                16

and those actions and conduct were of greater harm than any alleged action or conduct on the part of the Defendants.

**FOURTH AFFIRMATIVE DEFENSE**

Defendants allege that Plaintiff was not discriminated against, harassed, or retaliated against, intentionally or otherwise, in any manner, including based upon gender by the Defendants.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff fails to allege that she is a member of a protected class.

**SIXTH AFFIRMATIVE DEFENSE**

Defendants allege that the reasons for Defendants' conduct toward Plaintiff were legitimate, nondiscriminatory reasons.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendants allege that Plaintiff was not subjected to any unwelcome harassment based upon gender.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendants allege that the alleged harassment, if any, did not unreasonably interfere with the Plaintiff's work performance or create an intimidating, hostile, or offensive work environment which seriously affected the Plaintiff's psychological well being.

**NINTH AFFIRMATIVE DEFENSE**

Defendants allege that the alleged harassment, if any, was not so severe and pervasive as to create a hostile work environment.

**TENTH AFFIRMATIVE DEFENSE**

Defendants allege that a reasonable woman/person would not have found the alleged harassment to be so severe and pervasive as to create a hostile work environment or to become unwelcome conduct as to alter the terms, conditions or privileges of her employment.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendants assert the business necessity and job relatedness doctrine are consistent with business necessity.

1

**TWELFTH AFFIRMATIVE DEFENSE**

2

Defendants assert that Plaintiff's Claims for Relief are identical, and she is,

3

therefore, seeking double recovery, which is barred.

4

**THIRTEENTH AFFIRMATIVE DEFENSE**

5

No pretext to Defendants' legitimate, nondiscriminatory reasons exist.

6

**FOURTEENTH AFFIRMATIVE DEFENSE**

7

Plaintiff has filed to establish that she was treated differently than similarly

8

situated employees.

9

**FIFTEENTH AFFIRMATIVE DEFENSE**

10

Defendants allege that no animus existed based upon gender and, therefore,

11

Plaintiff's claims must fail.

12

**SIXTEENTH AFFIRMATIVE DEFENSE**

13

Defendants acted in good faith in any decision-making with respect to Plaintiff,

14

and had reasonable grounds for rendering said decisions which it may have made.

15

**SEVENTEENTH AFFIRMATIVE DEFENSE**

16

No causation exists between any alleged conduct on the part of Defendants and

17

Plaintiff's alleged damages, if any.

18

**EIGHTEENTH AFFIRMATIVE DEFENSE**

19

Plaintiff's gender was not a substantial consideration or motivating factor

20

regarding Defendants' decisions regarding Plaintiff, if any.

21

**NINETEENTH AFFIRMATIVE DEFENSE**

22

Defendants allege that any conduct on the part of Defendants was not retaliatory

23

but was reasonable, legitimate, and non-discriminatory.

24

**TWENTIETH AFFIRMATIVE DEFENSE**

25

Plaintiff suffered no adverse employment action.

26

///

27

///

28

///

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
8337 West Sunset Road, Suite 350
Las Vegas, NV 89113

34871/00051-1110376.v1                                    18

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Defendants allege that Plaintiff has filed to meet the jurisdictional requirements set forth in Federal Rules of Civil Procedure Rule 12 (b) (1) and/or in 42 U.S.C.§ 2000e et seq., and, therefore, this action is barred.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Defendants allege that Plaintiff is barred from bring her claims against Defendants based upon the applicable statute of limitations.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Defendants allege that the occurrences referred to in the Complaint, and all injuries and damages, if any resulting therefrom were caused by the acts or omissions of a third party over whom Defendants have no control.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Defendants allege that Plaintiff was not discriminated against, intentionally, unintentionally, or otherwise, by the Defendants.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Defendants allege that Plaintiff has failed to establish a prima facie case of discrimination and/or harassment based upon gender, and her claims must, therefore, fail.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate her damages.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Defendants allege that Plaintiff failed to exhaust her administrative remedies and therefore Plaintiff's claims must fail.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Defendants allege that Plaintiff was not subjected to any unwelcome harassment based on gender because Defendants allege that Plaintiff was not subjected to intentional verbal or physical conduct by Defendants which would constitute unwelcome conduct.

/ / /

/ / /

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Defendants allege that the alleged harassment did not unreasonably interfere with the Plaintiff's work performance or create an intimidating, hostile, or offensive work environment which seriously affected the Plaintiff's psychological well being.

**THIRTIETH AFFIRMATIVE DEFENSE**

Defendants allege that Defendants did not create a work environment for Plaintiff which was premised on discriminatory intimidation, ridicule, or insult based on Plaintiff's gender.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Defendants allege that Defendants did not unfairly discipline or scrutinize Plaintiff, thereby constituting unwelcome harassment based on gender.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

The incidents alleged in the Complaint and the resulting damages, if any, to the Plaintiff were proximately caused or contributed to by Plaintiff's own actions and conduct, and those actions and conduct were of greater harm than any alleged action or conduct on the part of the Defendants.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

Defendants allege that they took all steps necessary to prevent harassment in the workplace from occurring, such as affirmatively raising the subject, expressing strong disapproval, developing appropriate sanctions, informing employees of their right to raise and how to raise the issue of harassment under Title VII and developing methods to sensitize all concerned.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from bringing her claims against Defendants on the grounds of res judicata and/or collateral estoppel.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred as she asserts them against the individuals Defendants in their official capacity.

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 WEST SUNSET ROAD, SUITE 350
LAS VEGAS, NV 89113

34871/00051-1110376.v1

20

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

Defendants allege Plaintiff has not alleged that Defendants' alleged conduct was extreme and outrageous, and, therefore, Plaintiff's punitive damages claim must fail.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

Defendants allege that recovery of punitive or exemplary damages is barred because NRS Chapter 42, as amended, denies this Defendants equal protection of the law under Article Four Section Twenty of the Nevada Constitution, and Fourteenth Amendment to the United States Constitution.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to plead any acts or omissions of Defendants sufficient to warrant consideration of exemplary or punitive damages.

Defendants reserve the right to amend this answer.

WHEREFORE, Defendants pray as follows:

1.     That Plaintiff take nothing by way of her Complaint on file herein;

2.     That Defendants recover all costs and attorney's fees incurred herein; and

3.     For such other and further relief as the Court may deem just in the premises.

Dated: July 10, 2007                              McCORMICK, BARSTOW, SHEPPARD,
                                                                    WAYTE & CARRUTH LLP


By: /s/Chara L. Allen
BRUCE W. KELLEY, ESQ.
NV Bar No. 7331
CHARA L. ALLEN, ESQ.
NV Bar No. 7489
8337 West Sunset Road, Suite 350
Las Vegas, NV  89113

CRAIG R. ANDERSON, ESQ.
NV Bar No. 6882
MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, NV 89145

Attorneys for Defendants

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
8337 WEST SUNSET ROAD, SUITE 350
LAS VEGAS, NV 89113

34871/00051-1110376.v1                              21

## PROOF OF SERVICE

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action.  My business address is McCormick, Barstow, Sheppard, Wayte & Carruth LLP, 8337 West Sunset Road, Suite 350, Las Vegas, Nevada  89113.  On July 10, 2007, I served the within documents:

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

☐  **BY FAX:**  by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. pursuant to EDCR Rule 7.26(a).   A printed transmission record is attached to the file copy of this document(s).

☐  **BY HAND:**  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

X  **BY MAIL:**  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Las Vegas, Nevada addressed as set forth below.

☐  **BY OVERNIGHT MAIL:**   by causing document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

X  **BY ELECTRONIC SUBMISSION:** per court order, submitted electronically and to be posted to the website and notice given to all parties that the document has been served

Angela Alioto, Esq.
Murlene J. Randle, Esq.
LAW OFFICES OF JOSEPH L. ALIOTO AND ANGELA ALIOTO
700 Montgomery Street
San Francisco, CA 94111
Telephone: (415) 434-8700
Facsimile: (415) 438-4638
Co-counsel for Plaintiff

Charles Odgers, Esq.
THE LAW OFFICES OF ODGERS AND CHO
619 South Sixth Street
Las Vegas, NV 89101
Telephone: (702) 386-8071
Facsimile: (702) 380-8070
Co-counsel for Plaintiff

Craig R. Anderson, Esq.
MARQUIS & AURBACH
10001 Park Run Drive
Las Vegas, NV 89145
(702) 382-0711
Co-counsel for Defendants

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP
8337 West Sunset Road, Suite 350
Las Vegas, NV 89113

34871/00051-1110376.v1

22

1

2          I am readily familiar with the firm's practice of collection and processing
correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal

3   Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I

4   am aware that on motion of the party served, service is presumed invalid if postal cancellation
date or postage meter date is more than one day after date of deposit for mailing in affidavit.

5          I declare that I am employed in the office of a member of the bar of this court at

6   whose direction the service was made.

7          Executed on July 10, 2007, at Las Vegas, Nevada.

8                                    /s/Cheryl Schneider
                                        Cheryl Schneider

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McCormick, Barstow,
Sheppard, Wayte &
Carruth LLP

8337 West Sunset Road, Suite 350
Las Vegas, NV 89113

34871/00051-1110376.v1                                23